FREDERICK AHOLTZ

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield September 27, 1887.*

1. NEW TRIAL—*on the evidence.* On the trial of one for the alleged forgery of the name of another to an injunction bond, the person whose name was signed to the bond, testified that he never signed the same, and never authorized the defendant or any one else to sign it for him. On cross-examination he was asked, if, at a certain time and place named, he did not state to a person named that he had given the defendant authority, "at one time," to sign the bond. He answered that he never had any such conversation. The person to whom the statement was claimed to have been made was called, and testified that he did say he gave the defendant authority "at one time." The defendant testified that to the best of his recollection the prosecuting witness, at a time and place named, said he could "use his name to the bond," which was all the evidence on the point. The jury found the defendant guilty: *Held*, that the jury, who saw the witnesses and could judge of their credibility, having rejected and disbelieved the defendant's testimony, this court could not reverse the judgment.

2. It is the peculiar province of a jury to pass upon the credibility of witnesses where there is a conflict in the evidence, and the fact that the testimony of a witness interested in the result of the trial may be rejected or disbelieved by the jury, forms no ground to disturb the verdict and judgment.

3. SAME—*on contradictory statement of witness after the trial.* The mere statement of a witness, after a trial, in conflict with some portion of his testimony, is no sufficient ground for a new trial. If the witness should admit that his testimony was false, it would present a different question.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, Mr. H. PASCO, and Mr. B. I. STERRETT, for the plaintiff in error.

Mr. EDWARD P. VAIL, State's Attorney, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment in the circuit court of Macon county, against Frederick Aholtz, for forgery. The indictment contained three counts: First, for forging the name of George Stare to an injunction bond in a certain cause, wherein Frederick Aholtz was complainant and James H. Durfee and others were defendants; second, for causing the same to be forged; third, for uttering as true and genuine an injunction bond with the name of George Stare forged thereto. On a trial of the cause the defendant was found guilty in manner and form as charged in the third count of the indictment, and his term of imprisonment was fixed at one year in the penitentiary.

It is not claimed in the argument that the court erred in its ruling on questions of evidence during the trial, or that there was error in giving or refusing instructions, but it is insisted that the judgment should be reversed on the ground that the evidence was not sufficient to establish the guilt of the defendant.

It is a conceded fact that George Stare never executed the bond which is alleged to have been forged, and it is plain, from the evidence, that the signature of George Stare to the bond was written by the defendant, and the bond was used by him to obtain an injunction in a cause which he had instituted in

36—121 ILL.

the circuit court of Macon county. The question, then, for the jury was, whether the defendant had authority from George Stare to sign his name to the bond.

On behalf of the People, George Stare was called as a witness, and testified that he never executed the bond, and never authorized the defendant, or any one else, to sign it for him. For the purpose of overcoming the case thus made by the People, the defendant was called as a witness in his own behalf, and testified that he had a conversation with Stare at the National Bank corner, in Decatur, in relation to giving a bond in the "Durfee case." The following question was then asked: "If, in that conversation, he gave you any authority to use his name, state what he said." Answer: "The best of my recollection, he said I could use his name to the bond." While Stare was on the stand, he was asked if, on a certain time and at a certain place, he stated to one Darius Sipe that he had given defendant authority, "at one time," to sign the bond. The witness stated that he never had any such conversation. In addition to the evidence of the defendant on the question of authority to sign the bond, Darius Sipe was called, and testified that Stare did tell him, at the time and place mentioned, in reply to the question, "Didn't you give him authority to sign your name?" "I did at one time."

In brief, the foregoing was the evidence before the jury on the question of defendant's authority to place Stare's name on the bond,—Stare, on the one hand, testifying that defendant had no authority whatever to place his name on the bond, while, on the other hand, the defendant, in a weak and unsatisfactory manner, testified, to the best of his recollection, that Stare said he could use his name to the bond. The contradiction of Stare on one point, by Sipe, had no bearing on the case except so far as it might affect his credibility. It was therefore a question for the jury to determine who told the truth,—the witness Stare, or the defendant. They had the two men before them, heard them testify, and could see their

conduct on the stand, and the fact that they gave credit to the evidence of Stare, a disinterested witness, rather than the defendant, whose liberty was at stake, forms no ground for a reversal of the judgment. It is the peculiar province of a jury to pass on the credibility of witnesses, and where there is a conflict in the evidence, as was the case here, the fact that the testimony of a witness interested in the result, as the defendant was, may be rejected or disbelieved by the jury, forms no ground to disturb the judgment.

On the motion for a new trial, an affidavit was read, to the effect that the next day after the defendant was convicted, the witness Stare said, in the presence of Budd Flory, "that if Sipe had not come on the stand and sworn to a bare-faced lie, he might have sworn, on the trial, that he did at one time give the defendant authority to sign his name." The court disregarded the affidavit and overruled the motion. We are not aware of any case where it has been held that a mere statement of a witness, after a trial, in conflict with some portion of his evidence, is ground for a new trial. Had the witness made a statement that his evidence given on the trial was false, a different question might arise; but such was not the case. Suppose Stare had at one time given defendant authority to use his name to a bond, that by no means establishes the fact that defendant was authorized to use his name in this particular instance. He may have given authority five years before this transaction to sign his name to a particular bond, but that fact would not relieve this transaction of its criminal character.

We have carefully examined all the evidence introduced on the trial, and we are not prepared to say that it raises such a doubt as to the guilt of defendant as would authorize us to interfere with the judgment.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHOPE, dissenting.