NATHAN E. COLES, Admr.

*v.*

JOHN K. TERRELL, Exr.

*Filed at Ottawa June 13, 1896.*

1. WILLS—*effect of filing renunciation of a will—withdrawal.* The withdrawal of renunciation of a will which has been delivered to the clerk of the county court, who has filed and docketed it, by the attorney for the renunciator, under advice of the county judge given upon the street, will not destroy the effect of filing it, as it cannot be withdrawn without leave of the court.

2. RECORDS—*clerk cannot permit files to be withdrawn.* A county clerk has no authority to permit the withdrawal of a paper once filed and left in his custody.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. CHARLES BLANCHARD, Judge, presiding.

On February 3, 1895, Mary Smith died testate. She left her surviving her husband, Hiram A. Smith, but no children or descendants of children. Defendant in error is executor of her will. By it she made certain provision for her husband, and left the residue of her estate, consisting of both real and personal property, to three nephews. The will was filed for probate in the county court of Grundy county February 11, 1895. On the 25th of the same month Hiram A. Smith executed an instrument in writing renouncing said will, and on that day it was filed in the office of the county clerk of Grundy county and docketed in the probate docket. On the same day, and after the filing of the renunciation, the county judge met on the street the attorney who had written and filed the renunciation, and informed him that he was premature,—that he had better withdraw the renunciation until after the will had been probated. The attorney thereupon went to the clerk's office and asked to withdraw the paper. One of the deputies then drew red ink lines through the file-marks upon it and through the docket entry, and handed the renunciation to the attorney, who took it away with him. The deputy also wrote in red ink, under the docket entry, the word "void." Hiram A. Smith unexpectedly died on March 1, 1895, leaving the renunciation unrecorded and the will of Mary Smith unprobated. On petition of creditors plaintiff in error was appointed administrator of the estate of said Smith, and he filed a petition in the county court asking an order of the court upon the clerk to enter the renunciation upon the record. The county judge of Will county presided at the hearing instead of the Grundy county judge, from whom a change of venue had been taken. The court found the allegations of the petition to be true, and ordered the renunciation to be entered of record. On appeal to the circuit court an order was entered denying the prayer of the petition and ordering the petition dismissed. Plaintiff in error now brings the cause here,

and asks that the order of the circuit court be reversed and that of the county court be affirmed.

E. L. CLOVER, for plaintiff in error.

S. C. STOUGH, for defendant in error:

The mere fact that the instrument was filed is not sufficient. The law provides that a renunciation shall be filed in the office of the clerk of the county court, and entered by said clerk at large upon the records of the court. Hurd's Stat. 1895, p. 597, sec. 13.

A paper to be filed must pass into the clerk's exclusive custody and remain within his power. *Hamilton* v. *Beardsley*, 51 Ill. 480; *Bank* v. *Cheeney*, 87 id. 602; *Kiser* v. *Heuston*, 38 id. 252.

The statute concerning renunciations must be strictly construed. *Thompson* v. *Waller*, 85 Ill. 197; *Pringle* v. *Dunn*, 37 Wis. 449; *Cadwallader* v. *Harris*, 76 Ill. 372; *Bank* v. *McCrea*, 106 id. 281; Pomeroy's Eq. Jur. 653.

Recording is not a constructive notice, unless made in the proper form and manner, in the proper book, as required by law. Pomeroy's Eq. Jur. 653.

An irregular registration is not notice to others of the existence of a deed. 2 Washburn on Real Prop. 152; *Haworth* v. *Taylor*, 108 Ill. 275.

Mr. JUSTICE BAKER delivered the opinion of the court:

The statute requires that the renunciation shall be filed in the office of the clerk of the county court, and entered by the clerk at large upon the records of the court, before it shall become a bar, etc. (Rev. Stat. chap. 41, sec. 13.) Plaintiff in error is entitled to the order prayed for in his petition if the act of Hiram Smith's attorney in taking the renunciation from the clerk's office did not destroy the act of filing the same, and we are of opinion that it did not.

In *Hamilton* v. *Beardslee*, 51 Ill. 478, it was held that to constitute the filing of a paper in a cause it must be

placed in the hands and under the control of the clerk—must pass into his exclusive custody and remain within his power. In *Kiser* v. *Heuston*, 38 Ill. 252, it was said that, after receiving and filing a deed for record, it, in contemplation of law, was recorded, and that the recorder violated his duty in permitting the mortgage to be withdrawn before it was spread upon the records. And in *Hartford Fire Ins. Co.* v. *Vanduzor*, 49 Ill. 489, and *Deatherage* v. *Roach*, 76 id. 321, it was held that papers in a cause, when once filed with the clerk, become files of the court, and cannot be withdrawn without leave of the court.

In the case at bar the written renunciation was duly delivered to the clerk of the county court and left in his custody and control. The clerk put his file-mark upon it and also docketed it in the probate docket. It then, in the light of the above decisions, most certainly became a part of the records of the court. It had passed completely out of the control of the party filing it, and it could not be subsequently withdrawn without an order of court. The clerk had no authority to permit its withdrawal. The fact that the paper was withdrawn at the suggestion of the county judge is of no importance. His meeting on the street the attorney of Hiram Smith and volunteering that advice was in no sense a judicial act.

It will be unnecessary to discuss the claim of defendant in error that the mere filing of a paper, without its being recorded, is not notice to the public, etc., for that question is not before us. The witness Wilson, who claims to have purchased the house and lot without notice of the renunciation, is not a party to this proceeding. He does not appear in the record other than as a witness.

It follows from the views we have expressed that the circuit court erred in dismissing the petition. The order of that court will therefore be reversed and the order of the county court directing the renunciation to be recorded will be affirmed.           *Order reversed.*