J. F. Swiney, Appellant, v. G. L. Miller, Appellee.

Gen. No. 8,213.

Opinion filed January 24, 1929.

BRYAN H. TIVNEN and J. J. BAKER, for appellant; THOMAS R. FIGENBAUM and CARUS S. ICENOGLE,

HOGAN & REESE, HARRY I. HANNAH and GEO. B. RHOADS, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case a judgment by confession for $5,564.73 was entered on a promissory note for the appellant, J. F. Swiney, as legal holder of the promissory note, on June 17, 1927, in the city court of Mattoon. Afterwards on motion of the appellee, G. L. Miller, the judgment was opened and leave given the appellee by the

court to plead in defense. The appellee pleaded the general issue and three special pleas; one denying the execution of the note; and another plea was filed by him that the note in question was without consideration and assigned after maturity to the appellant; and a third plea, that the note was without consideration and that the appellant had knowledge of that fact. The controversy in the case involves the issue raised under the second plea denying the execution of the judgment note in question. The jury returned a verdict in favor of the appellee. The appellant made a motion for a new trial which was denied by the court, and thereupon a judgment was rendered on the verdict in favor of the appellee and against the appellant for costs, and this appeal is prosecuted from the judgment.

The principal error assigned is the denial of the motion for a new trial. An examination of the record discloses the fact that the defense made by the appellee to liability on the judgment note is that he did not sign the note in question; and that his signature thereon is a forgery. The contest concerning the genuineness of the appellee's signature was very bitter and involved crimination and recrimination, as well as charges of forgery and fraud, and intimidation of parties and witnesses, perjury and subornation of perjury.

The judgment note was signed by Emil Wagner, who is the grandson of the appellee, and purports to have on it also the signature of the appellee. The appellee testified, on the trial, that he did not sign the note; and that he did not authorize any one to sign it for him; and that he had no knowledge his signature had been affixed to the note. The payee of the note, who had assigned the same to the appellant, testified that the note was made out in his place of business, namely, a garage in the City of Mattoon, and was there signed by Emil Wagner; and that Wagner, after signing it, took the note with him for the purpose of having his grandfather sign it: and that thereafter the note was

returned to him by mail with the grandfather's signature attached to the same. Appellant called a witness who testified that he went with the appellant when he drove out to the grandfather's farm, and was present when the grandfather acknowledged that he had signed the note. The appellant also called a number of witnesses, mostly bank experts of handwriting, who testified from comparisons of the appellee's purported signature on the note with certain checks and papers containing the genuine signature of the appellee, that in their opinion the signature of the appellee on the note was genuine. The appellee called a number of witnesses, business acquaintances of the appellee, who had more or less knowledge of the handwriting and signature of appellee, who gave their opinion that the purported signature on the judgment note was not genuine. There was also much other evidence adduced on the trial which had a tendency either to corroborate or impeach the testimony of the appellee concerning the genuineness of the signature. There were also witnesses examined whose testimony corroborated the testimony of the payee of the note, E. T. Swiney, in reference to its execution by the appellee; and a number of witnesses were called who testified unfavorably and favorably to his general reputation for truth and veracity. Emil Wagner was called as a witness for the appellee, and was the main witness concerning the genuineness of the appellee's signature. He testified as follows: "My name is Emil Wagner; I live at Tower· Hill; have lived there all my life, and am 25 years old. My father's name is Clarence Wagner. I am a grandson of G. L. Miller. I know E. T. Swiney. Looking at the paper handed me, marked 'Plaintiff's Exhibit A'" (which was the note in question) "I will state that I have seen it before. The signature there, the first signature on the top line, I signed that. Looking at the second signature below, that appears to be the name of G. L. Miller: I will state that I wrote that

name there. I had no authority from my grandfather.''
Emil Wagner was the main witness for the appellee to
sustain his defense that he did not sign the note in
question. After the trial, however, he made an affi-
davit, used in support of the motion for new trial, con-
cerning the same matter, which is as follows:

"Emil Wagner, first being duly sworn, on oath, says
that he is the same Emil Wagner who testified as a
witness upon the trial of the cause entitled J. F.
Swiney v. G. L. Miller in the City Court of Mattoon,
Illinois, and also the Emil Wagner who heretofore at
the office of Bryan H. Tivnen, Mattoon, Illinois, made
a sworn statement concerning the execution of the note
in controversy in the above case.

"Affiant says that the note in controversy in the
above entitled cause was signed by G. L. Miller, affi-
ant's grandfather, and the signature of G. L. Mliler
thereon was not forged by this affiant; that affiant so
stated the facts to be in his prior sworn statement
made as aforesaid, which statement was the statement
presented to affiant upon the trial of the above case
with his signature thereon and which statement affiant
at that time denied having executed and denied his
signature thereon.

"Affiant says that upon the trial of the case he tes-
tified that he had forged the name of G. L. Miller, his
grandfather, to the note in question and also denied
his prior sworn statement as aforesaid, for the reason
that he was under coercion and fear of bodily harm on
the part of his father, Clarence Wagner, and grand-
father, G. L. Miller, and Ed Miller, his uncle, and other
relatives and that his testimony upon the said trial in
that behalf was not true but was the result of the fear
of this affiant caused by the threats and coercion of the
aforesaid parties.''

And in connection with the Wagner affidavit the ap-
pellant also offered the affidavits of Pugh Snell and

J. H. Apple in support of his motion for new trial, which have a bearing upon the veracity of the testimony of the appellee. The affidavits of Snell and Apple are as follows:

"Pugh Snell, being first duly sworn, upon oath states that he is now and has been for more than twenty (20) years last past a resident of the County of Shelby and State of Illinois; that by occupation affiant is a farmer, aged about seventy (70) years;

"That affiant is acquainted with J. F. Swiney, the plaintiff in the above entitled cause, and is also acquainted with G. L. Miller and Emil Wagner, the said defendants;

"That on or about the first (1st) day of December, A. D. 1926, affiant was security upon a certain note of said Emil Wagner, and desired to get off of the said note and, if possible, to get the said G. L. Miller, the grandfather of said Emil Wagner, to sign the said note as surety, and accordingly on or about the first (1st) day of December, A. D. 1926, affiant, with J. H. Apple, who resides in the County of Shelby and State of Illinois, went to the home of the said G. L. Miller and asked the said G. L. Miller to sign the said note of said Emil Wagner, but said G. L. Miller refused to sign the name or to secure this affiant on the said note, the said G. L. Miller then and there stating that he was already surety upon Emil Wagner's note for about fifty-six hundred dollars ($5600.00) to E. T. Swiney, which note he had signed just a few days before, and that he was on enough paper of the said Emil Wagner to about break him up;

"That on or about the 17th day of September, A. D. 1927, affiant and the said J. H. Apple met the said G. L. Miller in Shelbyville, Illinois, and at this meeting the said G. L. Miller said to affiant and the said J. H. Apple that he did not want them to tell anyone of the conversation which he had had with them last fall at

his home, that he had been sued by J. F. Swiney in the Mattoon City Court and that he was going to fight the case and that he believed that he could beat the case, by saying that he did not sign the note and that he was not going to pay the said note unless he was forced to do so;

"That affiant told no one of the aforesaid conversation of G. L. Miller relative to the said note of fifty-six hundred dollars ($5600.00) until after the trial in the City Court of the City of Mattoon, over the said note, and until affiant had been told that the jury, on the trial of the case of J. F. Swiney against said G. L. Miller, had brought in a verdict in favor of the said G. L. Miller;

"That affiant was not present at the City Court during the said trial and that other than the conversation of said G. L. Miller, aforesaid, knew nothing about the matters in said trial;

"That the foregoing matters are true and that affiant is ready to testify in court to the conversation as above set forth if he should be subpoenaed as a witness to do so."

"(1) J. H. Apple, being first duly sworn, upon his oath says that he is now and has been for ten (10) years last past a resident of the County of Shelby and State of Illinois; by occupation a farmer; of the age of 49 years;

"(2) That affiant is acquainted with J. F. Swiney, the plaintiff in the above-entitled cause, and with G. L. Miller and Emil Wagner, the defendants therein;

"(3) That on or about the 1st day of December, A. D. 1926, affiant was at the home of the said G. L. Miller and heard a conversation between the said G. L. Miller and Pugh Snell wherein Pugh Snell told G. L. Miller that he was surety on a note for Emil Wagner and asked G. L. Miller to sign the said note as surety, and the said G. L. Miller said to said Pugh Snell that he would not sign any note or paper whatever to protect

Pugh Snell as surety for Emil Wagner, and further said that he had just a few days before signed a note as surety for said Emil Wagner, payable to E. T. Swiney, for the sum of about fifty-six hundred dollars ($5600.00), and that he (G. L. Miller) was on notes as surety for said Emil Wagner for almost enough to break him;

"(4) That on or about the 17th day of September, A. D. 1927, in the presence of affiant, in the City of Shelbyville, Illinois, G. L. Miller said to Pugh Snell and this affiant, in substance and in fact, that he didn't want us to tell that we were at his home last fall or tell about the conversation that he had with us, of having signed a note to E. T. Swiney; that he had been sued in the Mattoon court on that note, and that he was not going to pay it unless he was forced to do it; that he believed he could beat the note by saying he did not sign it;

"(5) That affiant told no one of the aforesaid conversation of said G. L. Miller relative to the said note until after the trial in the City Court of the City of Mattoon over the said note and until this affiant had been told that the jury on the trial of the case of J. F. Swiney against the said G. L. Miller had brought in a verdict against the said note in favor of the said G. L. Miller;

"(6) That affiant was not present at the said City Court during the said trial; and other than the conversation of G. L. Miller, aforesaid, affiant knew nothing about the matters in the said trial;

"(7) That the foregoing matters are true and that affiant is ready to testify in court to the conversation with G. L. Miller and the facts and circumstances as above set forth if he should be subpoenaed as a witness to do so."

Considering the foregoing affidavits in connection with the evidence in the record pro and con upon the question of the genuineness of the appellee's signature

to the note in question, we are of opinion that the motion for a new trial should have been granted, and that the issue raised concerning the genuineness of the signature of the appellee should be submitted to another jury.

The affidavit of Emil Wagner constituted a sufficient ground to warrant the granting of a new trial. *People v. Heinen,* 300 Ill. 498, 501; *Aholtz v. People,* 121 Ill. 560; 20 R. C. L. sec. 80, page 290. And the right of appellant to a new trial is emphasized by the affidavits of Snell and Apple above set forth. Newly discovered evidence of a material witness who testified falsely on the trial is alone sufficient to warrant the granting of a new trial (*People v. Cotell,* 298 Ill. 207, 208), and courts should not hesitate to grant a new trial on account of newly discovered evidence, where it is apparent or likely that it might change the result upon a retrial. *People v. Cotell, supra; People v. Le Morte,* 289 Ill. 11; *People v. Wright,* 287 Ill. 580, 586.

The appellee assigned a cross-error in this case based upon the refusal of the court to consider certain counter-affidavits filed by the appellee which refer to some of the matters in the affidavits involved in appellant's motion for a new trial. It is sufficient to say concerning this matter that the motion for new trial was properly heard and considered by the court on the merits contained in the *ex parte* affidavits presented by the appellant, and there was no error in striking the counter-affidavits from the files. *Coles v. Terrell,* 162 Ill. 167; *Hartford Life & Annuity Ins. Co. v. Rossiter,* 196 Ill. 277; *Protective Life Ins. Co. v. Dill,* 91 Ill. 174, 178; *Nelson v. Equitable Life Assur. Soc.,* 73 Ill. App. 133; *City of Chicago v. Edson,* 43 Ill. App. 420.

For the reasons stated, we are of opinion that the court erred in refusing to grant a new trial; judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*