(No. 27542.— )
LOUIS M. GIETL *et al.,* Appellants, *vs.* COMMISSIONERS OF
DRAINAGE DISTRICT No. ONE, Appellees.

*Opinion filed November 19, 1943.*

ROSCOE BONJEAN, for appellants.

HALL & FUNK, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This case presents for our review an order of the county court of Montgomery county dismissing the appeal of Louis M. Geitl and Henry L. Gietl from an assessment levied against their lands by the commissioners of Drainage District No. One of the town of Bois D'Arc in said county. These landowners had taken their appeal by filing in the county clerk's office on April 28, 1943, a bond in double the amount of the tax appealed from. The commissioners' motion to dismiss the appeal was on the ground that the bond was not filed within ten days after the tax list had been deposited with the clerk of the drainage district as provided by section 27 of the Farm Drainage Act. (Ill. Rev. Stat. 1941, chap. 42, par. 110.) Appellants filed a verified answer, denying that the special assessment tax list was ever deposited with the clerk of the drainage district as required by the statute, and alleging that they learned for the first time that such a tax list was in existence when they were notified by a letter dated April 19, 1943, and received by them on April 20, 1943, from the treasurer of the district. At the hearing upon the motion and answer the court refused to permit appellants to call the clerk of the drainage district for cross-examination under section 60 of the Civil Practice Act, by whom they offered to prove that the tax list was not on deposit with the clerk of the drainage district during the ten-day period from March 20, 1943, to March 30, 1943. The court struck from appellants' answer paragraphs 3, 4, 5 and 6 thereof, and sustained the commissioners' motion to dismiss the appeal. The paragraphs of the answer which were stricken set forth that the assessment levied was for new work as well as repair work, that no notice was given appellants of the making or adoption of said special assessment tax list, that appellants are informed and believe that said tax list was pre-

pared by the attorneys for the drainage district and kept in their custody at their office, that on April 28, 1943, one of the appellants and his attorney went to the office of the clerk of the drainage district and asked to see the tax list and were advised by the clerk that the tax list had never been deposited with her and that she thought the attorneys for the district might have such special assessment tax list at their offices, and further set up that said tax list was void for the reason that the certificate of levy on which it is based does not designate what part of the same is for new work and what part for repair work.

Section 2 of the Farm Drainage Act, (Ill. Rev. Stat. 1941, chap. 42, par. 83,) provides that the town clerk shall be the clerk of the drainage commissioners and shall be the custodian of all papers and records pertaining to the drainage district, that he shall keep in a well-bound book, to be known as the "Drainage Record," a record of the proceedings of the commissioners, and shall enter at length therein all the proceedings, findings and orders of the commissioners. Section 26 of this act (Ill. Rev. Stat. 1941, chap. 42, par. 108,) provides for the levying of drainage assessments under the act, directs the manner in which the levy shall be made and how the special assessment roll (designated as the tax list) shall be prepared, and requires that when said tax list has been completed it shall be filed with the town clerk. Section 27 (Ill. Rev. Stat. 1941, chap. 42, par. 110,) provides that any person against whose land a tax has been thus levied may appeal therefrom by filing bond within ten days after the tax list has been deposited with the clerk of the drainage district. It is readily apparent from a reading of the two last mentioned sections that the language "filed with the town clerk" and "deposited with the clerk of the drainage district" refer to and mean one and the same thing. A document is considered filed when it is deposited with and passes into the exclusive control and custody of the clerk, who

understandingly receives the same in order that it may become a part of the permanent records of his office. *Hamilton* v. *Beardslee,* 51 Ill. 478; *The Washington,* 16 Fed. (2d) 206.

Where public officials, such as officers of a drainage district or other municipal corporations, are required to keep a record of their proceedings, such record constitutes the only lawful evidence of action taken, and cannot be contradicted, added to or supplemented by parol. (*Avery* v. *City of Chicago,* 345 Ill. 640; *City of Belleville* v. *Miller,* 257 Ill. 244.) Where, however, the officer whose duty it is to keep such record through oversight or mistake fails to do so or makes an incorrect record, whenever such omission or mistake is discovered it is his duty as such officer to correct the mistake or supply the omission in the record so that it shall speak the facts correctly, and if he fails to do so *mandamus* will lie to compel the performance of this duty, (*People ex rel. Mark* v. *Hartquist,* 315 Ill. 228; *City of Chicago* v. *McCluer,* 339 Ill. 610;) and parol evidence is admissible in proper cases for the purpose of showing whether or not a record sought to be amended, or the amendment thereof, does, in fact speak the truth. *People ex rel. Shirk* v. *Chicago and Eastern Illinois Railway Co.* 314 Ill. 382.

It was stipulated on the hearing that the records of the clerk of the drainage district show that the tax list was filed on March 20, 1943. No leave was granted by the court for the withdrawal of the stipulation, nor did appellants ask for leave to withdraw it. A stipulation by parties as to facts, so long as it stands, is conclusive between them and cannot be contradicted by evidence tending to show that the facts are otherwise. (*Montgomery Ward & Co.* v. *Industrial Com.* 304 Ill. 576; *City of Chicago* v. *Drexel,* 141 Ill. 89; *LeBarron* v. *Harvard,* 100 A. L. R. 767.) It being therefore established in this case, as a fact not to be disputed, that the records of the clerk

of the drainage district show that the tax list was filed on March 20, 1943, to permit this record to be contradicted or impeached by parol evidence would be a positive and direct violation of the rules as laid down by this court as hereinabove set forth in the cases above cited. This stipulation, therefore, disposes of all questions here in dispute, except appellants' contention that the assessment was void because levied for new as well as repair work without notice to appellants and also because the certificate of levy does not designate what part of the same is for new work and what part for repair work.

As the county court had no jurisdiction of the appeal because not taken within the time required by statute, it could not inquire into the validity of the assessment. The judgment of the county court is correct, and is accordingly affirmed.

*Judgment affirmed.*