Meyer Field, Appellant, v. Nugent R. Oberwortmann
and V. W. Becking, Appellees.

Gen. No. 47,118.

First District, Second Division.
January 7, 1958.
Released for publication April 2, 1958.

Tenney, Sherman, Bentley & Guthrie and Meyer Field, pro se (Jackson L. Boughner and Meyer Field, of counsel) for appellant.

Kirkland, Fleming, Green, Martin & Ellis (Andrew C. Hamilton and Georges Dapples, of counsel) for defendants Nugent R. Oberwortmann and V. W. Becking.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a mandamus action to force the secretary of a board of directors to amend minutes of meetings. The trial court sustained defendants' motion to dismiss and entered judgment on the pleadings. Plaintiff has appealed.

Plaintiff, a director and stockholder of the North Shore National Bank of Chicago, filed his petition to compel defendants Becking and Oberwortmann, secretary and president of the bank respectively, to enter certain matters in the minutes of the Board of Directors' meetings of August, September and October, 1955.

He complained that the minutes of those meetings fail to record his request that a report of the Executive Committee pertaining to the appointment of new counsel be made a part of the minutes; fail to show that he asked a pertinent question regarding the payment of fees to new counsel; fail to record the answer to the question and the name of the counsel; fail to show that letters were addressed to the bank concerning the deficiency of the minutes; and fail to show the reasons given by plaintiff for objecting to Oberwortmann's reelection as a director of the Federal Reserve Bank of Chicago.

The question is whether the trial court erred in denying the writ.

Plaintiff is not entitled to the writ unless he shows a clear right to the relief he seeks. People v. City of Chicago, 146 Ill. App. 623, and North v. Trustees of the University of Illinois, 137 Ill. 296. He has not made the showing.

First of all, in recording the minutes of a director's meeting, the secretary, though under an obligation to keep the minutes "faithfully" (Ford v. Ford Mfg. Co., 222 Ill. App. 76, 82), is not obligated to include everything that is said in the minutes as long as he accurately transcribes what has taken place. Con-

377

yngton Corporation Procedure (Rev. Ed., 1927, pp. 184, 185). Secondly, the pleadings and exhibits here clearly show that the minutes of the August meeting record plaintiff's dissent to the approval of the Executive Committee report; the minutes of the September meeting show that plaintiff objected to the minutes of the August meeting as read and that his objections were discussed by the directors; and the October minutes show that plaintiff objected to the approval of the September minutes, that plaintiff's question regarding the payment of fees to new counsel was incorporated as he had requested, and that plaintiff objected to Oberwortmann's re-election as a director of the Federal Reserve Bank of Chicago.

 The minutes of these meetings, therefore, record plaintiff's objections and fail only in recording the name of the new bank counsel, the answer to plaintiff's question, the fact that plaintiff addressed letters to the bank and the reasons for plaintiff's objection to the re-election of Oberwortmann. We think that the minutes as approved by the majority of the directors are an accurate and complete transcription of the action taken by the board, and that plaintiff had no legal right to have these matters recorded.

The cases cited by plaintiff do not militate against this conclusion. In Ford v. Ford Mfg. Co., supra, the court said that plaintiff had the right to have a declared dividend accurately recorded as to the time of payment. Again in Dennis v. Joslin Mfg. Co., 19 R. I. 666, 668, the court held that plaintiff had the right to have the declaration of a dividend recorded. In Gietl v. Drainage Dist. No. 1, 384 Ill. 499, 502, the court said plaintiff had a right, had it not been for a stipulation, to show that the records of the clerk of the drainage district did not show the filing of a tax list. The distinctions are evident.

For the reasons given we think the court properly denied the writ and the judgment is affirmed.

Affirmed.

LEWE and MURPHY, JJ., concur.