REGINA WILKINS, Plaintiff-Appellant, v. BARBARA DELLENBACK, Defendant-Appellee.

Second District   No. 86—0352

Opinion filed November 6, 1986.

Stephen J. Caron and John B. Schwartz, both of Schwartz & Rubin, and Goldberg & Goldberg, both of Chicago, for appellant.

Ruth E. Van Demark, Robert A. Strelecky, and Robert M. Collins, all of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Regina Wilkins, appeals from an order of the circuit court of Kane County denying her petition for relief from a final judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) for failing to file her petition within two years of the entry of the final dismissal order for want of prosecution. Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(c).

Plaintiff raises the following issues on appeal: (1) whether the date of mailing of her petition should constitute the date of filing for the purposes of the time restrictions imposed by section 2—1401(c) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(c)); and (2) whether defend-

ant's actions of filing a motion to vacate any defaults and to answer the complaint, as well as her participation in discovery, after the matter was dismissed served to revest the trial court's jurisdiction over the case.

The record indicates that on May 1, 1980, plaintiff filed a complaint in the circuit court of Cook County asserting a cause of action for medical malpractice against defendant, Dr. Barbara Dellenback. On the motion of defendant in a special and limited appearance, the matter was transferred to the circuit court of Kane County and filed there on June 9, 1982. The case appeared on the "Automatic call of the Docket" under local rule 4.2 for the Sixteenth Judicial Circuit on May 26, 1983, because there had been no action in the matter in the previous nine months. The record reveals that notice was mailed prior to this date by the clerk of the circuit court to counsel for plaintiff advising that an order for dismissal for want of prosecution would be entered unless good cause was shown. No one appeared on May 26, and the trial court entered a dismissal order in the matter which was filed on June 2, 1983.

On August 22, 1983, defendant filed a notice of motion to vacate all defaults and answer the complaint showing proof of service on plaintiff's counsel. However, when the motion appeared on the trial court's call on September 8, 1983, it was stricken as the case had been disposed of previously. Plaintiff also had filed discovery requests with the court two days prior to this motion being stricken from the call. The record indicates that plaintiff's counsel wrote the circuit court on December 20, 1984, asking to be advised of the status of the case. Counsel for plaintiff was advised by telephone on December 26, 1984, that the matter had been dismissed, and he mailed a section 2—1401 petition to vacate the dismissal order on May 31, 1985, to the circuit clerk of Kane County. The petition, however, was not filed until June 4, 1985. In the petition, plaintiff's counsel asserted that he had no notice of the "4.2 Call" or the dismissal order and had received the motion of defendant to vacate defaults and for leave to file an answer. He also represented that the law firm had moved in August 1983.

Defendant filed a motion in opposition to the petition. She argued that plaintiff failed to establish due diligence in presenting the petition as it was not filed until after the two-year filing period had elapsed. Plaintiff responded, however, that her petition, while stamped as filed on June 4, 1985, was constructively filed on May 31, 1985, when the petition was mailed to the circuit clerk, and was therefore within the two-year period. The trial court heard the argu-

ments of the parties, considered the pleadings and motions on record, and took the matter under advisement instructing both sides to file with the court any additional authority in support of their positions. Plaintiff, during the arguments to the trial court, apparently raised the issue of revestment of jurisdiction by defendant's filing of a motion and participating in discovery after the dismissal order was entered.

On January 13, 1986, the trial court, finding that plaintiff filed her petition on June 4, 1985, more than two years after the entry and the filing of the dismissal order, and finding that there were no facts alleged to indicate that defendant fraudulently concealed or prevented discovery of the dismissal order, denied plaintiff's petition. Plaintiff moved for a rehearing of her petition contending that as the dismissal order was filed on June 2, 1983, not May 26, 1983, and as the petition was mailed on May 31, 1985, the petition should be considered to have been filed on May 31 and within two years of the filing of the dismissal order. The trial court modified its original order to include a finding that defendant appeared on her motion to vacate defaults and for leave to file her answer, but that the court struck the motion on September 8, 1983, as the case had already been dismissed. The trial court then denied plaintiff's motion to reconsider.

Plaintiff contends on appeal that mailing her section 2—1401 petition to the office of the circuit court clerk within the two-year time period of section 2—1401(c) (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(c)) constitutes a filing of the petition for purposes of the time restrictions of the statute. She argues that the case law, court rules, and statutes establish a policy in Illinois favoring the time of mailing over the actual receipt of a document as the filing date of that document. (See *In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 851-53, 493 N.E.2d 1088; *A. S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 749-50, 450 N.E.2d 1356; *Holesinger v. Dubuque Feeder Pig Co.* (1982), 104 Ill. App. 3d 39, 41-43, 432 N.E.2d 645.) Defendant responds by arguing that plaintiff's authority involves the continuation of an existing action and that, unlike notices of appeal and post-trial motions, a section 2—1401 petition is not a continuation of an existing action, but is a new action, similar to filing the original complaint, and must be considered filed only when it passes to the exclusive custody and control of the clerk of the circuit court.

■ Section 2—1401 of the Code of Civil Procedure provides a statutory mechanism by which relief from a final order or judgment may be obtained by a party in the trial court more than 30 days after

the entry of the final order when the trial court has lost jurisdiction over the cause. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(a); *Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 209, 473 N.E.2d 955.) A petition under this section, however, is not a continuation of the original proceeding but a commencement of a new cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(b); *Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279, 433 N.E.2d 253.) Like other pleadings, the petition must be in writing, filed with the clerk of the circuit court and made part of the record (*Lofendo v. Ozog* (1983), 118 Ill. App. 3d 237, 239, 454 N.E.2d 806), and as such is subject to motions to dismiss for failure to state a cause of action, and must be considered in the same manner as a civil complaint (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279-80, 433 N.E.2d 253). Section 2—1401(c) specifies that "[t]he petition must be *filed* not later than 2 years after the entry of the order or judgment." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—1401(c).

■ The uniform practice in the trial court has been to require actual receipt by the circuit clerk, as evidenced by the file stamp, before a paper is considered filed. (See *People ex rel. Pignatelli v. Ward* (1949), 404 Ill. 240, 245, 88 N.E.2d 461; *Gietl v. Commissioners of Drainage District No. One* (1943), 384 Ill. 499, 501-02, 51 N.E.2d 512; *Brelsford v. Community High School District No. 36* (1927), 328 Ill. 27, 31, 159 N.E. 237; *Coles v. Terrell* (1896), 162 Ill. 167, 169-70, 44 N.E. 391; *Hamilton v. Beardslee* (1869), 51 Ill. 478, 480-81; *Fairfax Family Fund, Inc. v. Couch* (1982), 103 Ill. App. 3d 492, 494, 431 N.E.2d 461; *Dooley v. James A. Dooley Associates Employees Retirement Plan* (1981), 100 Ill. App. 3d 389, 395, 426 N.E.2d 1028.) Although the weight of recent authority evinces a policy favoring the acceptance of the mailing date rather than the receiving date of certain documents, such as a post-trial motion or a notice of appeal, as the filing date of those documents with the clerk of the circuit court (see *In re Marriage of Morse* (1986), 143 Ill. App. 3d 849, 851-53, 493 N.E.2d 1088; *A. S. Schulman Electric Co. v. Village of Fox Lake* (1983), 115 Ill. App. 3d 746, 749-50, 450 N.E.2d 1356), this policy has never been applied to the filing of pleadings such as a complaint or a section 2—1401 petition. The legislature has provided for relief from judgments pursuant to section 2—1401 and has required the "filing" of a section 2—1401 petition requesting such relief. In *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 357 N.E.2d 187, the court stated that "[t]o constitute filing [of a petition under section 2—1401, formerly section 72], the document must pass into the exclusive custody and control of the clerk to be made part of the court records.

(43 Ill. App. 3d 753, 755, 357 N.E.2d 187.) There is no provision in the Code of Civil Procedure providing for the mailing date as the date of filing for a section 2—1401 petition.

Section 1.25(1) of "An Act to revise the law in relation to the construction of the statutes," while allowing the time of mailing to be the time of filing for any writing required to be filed or any payment authorized to be paid to the State or political subdivision thereof (Ill. Rev. Stat. 1985, ch. 1, par. 1026), does not apply to an office within the judiciary such as the circuit clerk. (*Holesinger v. Dubuque Feeder Pig Co.* (1982), 104 Ill. App. 3d 39, 42, 432 N.E.2d 645.) The authority relied upon by plaintiff specifically applies to situations other than the filing of the initial pleading of an action. Supreme Court Rule 11 allows for the serving of papers *other than* process or a complaint on parties not in default in the trial and reviewing courts by mail. (87 Ill. 2d R. 11(b)(3).) Rule 12 sets forth that service of a paper by mail is proved by a certificate of the attorney which states when the attorney mailed the paper (87 Ill. 2d R. 12(b)(3)) although the service by mail itself is complete only after four days (87 Ill. 2d R. 12(c)). Rule 373 provides that the constructive date of filing papers in a reviewing court is the time of mailing. 103 Ill. 2d R. 373.

■ Unlike the filing of documents in a pending case in the trial or reviewing courts, a section 2—1401 petition is an initiation of a new action. Like a complaint, it must be sufficiently pleaded to notify the opposition of the cause of action and must be filed within a certain period of time to avoid staleness. (*Cf. Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 279-80, 433 N.E.2d 253; *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 755, 357 N.E.2d 187.) A section 2—1401 petition is a statutorily created procedure, and, absent a specific provision allowing the time of mailing to be the time of filing, we shall not broaden the filing requirement. Approval of any other practice would only encourage a lack of diligence and expand the language used by the legislature. Therefore, the actual filing date of a section 2—1401 petition is when it is received and stamped by the circuit clerk's office. Under the facts here, plaintiff's section 2—1401 petition was not timely filed within 2 years of the judgment dismissing the original complaint.

■ ■ Plaintiff contends alternatively that although the trial court lost jurisdiction 30 days after the dismissal order was filed, defendant's actions of filing a motion to vacate defaults and answer the complaint, as well as her participation in discovery, served to revest the trial court with jurisdiction over the matter. Under the narrow terms of the well-established rule of revestment, litigants may revest a court

which has general jurisdiction over a matter with both personal and subject matter jurisdiction when it loses jurisdiction after the entry of a final order by voluntarily appearing and actively participating in proceedings which are inconsistent with the merits of the final order. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 240, 456 N.E.2d 11; *In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 73, 486 N.E.2d 1318.) While the rule of revestment, a principle of law adopted by the courts, allows parties, even by tacit consent, to continue with a case after jurisdiction has been lost, the conduct relied upon must be by the party benefiting from the dismissal order and upon the merits of the cause operating to nullify the order of dismissal; in essence, the benefiting party ignores the judgment and starts to retry the case. *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290; *Sears v. Sears* (1981), 85 Ill. 2d 253, 260, 422 N.E.2d 610.

Defendant does not dispute the authority supporting plaintiff's theory of revestment, but contends that her actions were not inconsistent with the final order, as she did not actively participate in the case on the merits in an adversarial manner. While defendant's motion, if presented to and acted upon by the trial court, would probably be considered participating in the proceeding in a manner inconsistent with the final judgment, the motion was merely filed by defendant with the trial court. The record does not indicate that she filed this motion knowing that the cause had been dismissed. Upon being advised by the trial court that the matter had been dismissed, however, defendant did not ignore the order or actively participate in proceedings inconsistent with the merits of the final judgment, but allowed her motion to be stricken from the trial court's call demonstrating that defendant considered the dismissal order to be binding and final. We consider *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042, and other cases cited by plaintiff to be inapposite factually to the case at bar.

■ Plaintiff's reliance on the fact that she filed discovery requests upon defendant prior to defendant's motion being struck by the trial court is of no consequence. The record reveals that on September 6, 1983, two days prior to the trial court's striking defendant's motion, plaintiff filed a notice of deposition of the defendant, a notice to produce pursuant to Supreme Court Rule 214, and a notice to produce to defendant to bring certain documents to the deposition. Defendant, the party benefiting from the final order, is not shown in the record to have done anything regarding these notices. As defendant did not ignore the original dismissal order once she learned of it

and made no attempt to retry the case inconsistent with the dismissal order, we find that defendant's actions did not revest the trial court with jurisdiction.

For the foregoing reasons, the order of the circuit court of Kane County is affirmed.

Affirmed.

UNVERZAGT and HOPF, JJ., concur.