MOTILAL RAICHAND, as Adm'r of the M. Raichand Profit Sharing and Trust Plan, Plaintiff-Appellant, v. NATIONAL REPUBLIC BANK OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—93—2697

Opinion filed June 30, 1994.

Eugene T. Sherman, of Chicago (Edward A. Berman, of counsel), for appellant.

Peter J. Berman, Ltd., of Chicago, for appellees.

JUSTICE CAHILL delivered the opinion of the court:

The plaintiff, Motilal Raichand, appeals the decision of the trial court finding the defendants' actions did not revest the court with jurisdiction after it dismissed plaintiff's case for want of prosecution. We affirm.

The plaintiff filed a cause of action against defendants in 1985. On June 28, 1989, the trial court dismissed the case for want of prosecution because plaintiff did not appear at a pretrial conference. Neither party was aware of the court's order. The defendants filed a motion to dismiss for want of prosecution on July 16, 1989, because plaintiff failed to comply with a discovery request. When plaintiff complied with the request in September 1989, defendants withdrew the motion. In November 1990, defendants learned of the court's dismissal order. Following that date, defendants no longer participated in the case. The plaintiff learned of the dismissal order in February 1992 and filed a motion to vacate the order of June 28, 1989. The plaintiff argued that the court had been revested with jurisdiction because the parties actively participated in the case after the dismissal order was entered. The court denied the motion, finding that the decision in *Wilkins v. Dellenback* (1986), 149 Ill. App. 3d 549, 500 N.E.2d 692, controlled.

In *Wilkins*, the trial court entered an order of dismissal after the plaintiff failed to appear at a court hearing. The defendant, unaware of the dismissal order, filed a motion to vacate defaults. Once the parties discovered the dismissal order, the plaintiff argued that although the trial court lost jurisdiction 30 days after the dismissal order was entered, the defendant's action of filing a motion to vacate defaults, as well as the plaintiff's participation in discovery, revested the court with jurisdiction.

●1 On review this court noted that under the rule of revestment, litigants may revest a court with jurisdiction by voluntarily appearing and actively participating in proceedings which are inconsistent with the merits of the final order divesting the court of jurisdiction. (*Wilkins*, 149 Ill. App. 3d at 554-55, citing *People v. Kaeding* (1983), 98 Ill. 2d 237, 240-41, 456 N.E.2d 11; *In re Marriage of Savas*

(1985), 139 Ill. App. 3d 68, 73, 486 N.E.2d 1318.) The court explained, "the conduct relied upon must be by the party benefiting from the dismissal order and upon the merits of the cause operating to nullify the order of dismissal." (*Wilkins,* 149 Ill. App. 3d at 555.) The court then focused on the actions of the defendant only and found that although she filed a motion with the court after the dismissal order was entered, because she did not actively participate in the case once she learned of the dismissal order, her actions did not revest the trial court with jurisdiction.

•2 The facts here are similar. The trial court lost jurisdiction 30 days after the dismissal order was entered on June 28, 1989. Although defendants entered an order withdrawing their motion to dismiss in September 1989, this occurred before they were aware the case had been dismissed. The record shows that the defendants did not actively participate in the case once they learned that it was dismissed. We find the court properly ruled that the defendants did not waive their right to argue the validity and enforceability of the dismissal order. (See *Gentile v. Hansen* (1984), 131 Ill. App. 3d 250, 255, 475 N.E.2d 894.) In so finding, we do not hold to a rigid construction of *Wilkins.* A litigant has a duty to follow the progress of his case. (*Gold v. Rader* (1990), 201 Ill. App. 3d 775, 559 N.E.2d 210.) Whether a party's conduct constitutes waiver will be determined by the circumstances particular to the case.

Affirmed.

HOFFMAN, P.J., and THEIS, J., concur.