## RICHARD EDWARDS

*v.*

## JAMES IRONS.

1. VERDICT—*presumption in favor of, where evidence is not preserved in bill of exceptions.* Where a bill of particulars is filed with a declaration in assumpsit, and upon trial a verdict is found and judgment rendered in favor of plaintiff for a larger sum than the bill of particulars amount to, and the evidence is not preserved in the bill of exceptions, it will be presumed in the appellate court that there was evidence before the jury to authorize their allowing interest on the plaintiff's account, and if the excess can be accounted for in that way, the judgment will not be disturbed.

2. PRACTICE—*record under control of court until adjournment.* The record of a judgment is under the control of the court during the term at which it is rendered. The judge may set it aside and award a new trial, or allow amendments, so as to make the record conform to the facts, and to correct mistakes.

3. SAME—*setting aside judgment does not set aside the verdict.* Setting aside and vacating a judgment does not set aside the verdict upon which the judgment is based.

4. It is proper for the court rendering a judgment upon the verdict of a jury, to set aside the judgment, receive a *remittitur*, and correct the amount found by the jury, accordingly, and render a new judgment for the proper amount, at any time during the same term of court.

APPEAL from the Superior Court of Cook county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. FRANCIS A. RIDDLE, for the appellant.

Messrs. FORRESTER, BEEM & GIBBS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee filed his declaration with a bill of particulars attached, and defendant filed a plea of the general issue with an affidavit of merits. Subsequently the case was called for trial, but, defendant failing to appear, a jury was impaneled, and after hearing the evidence, they returned a verdict for $245.03 in favor of plaintiff, upon which judgment was rendered. At a subsequent day of the term defendant moved the court to set aside the judgment, and to have a trial of the case. The motion was allowed; whereupon plaintiff remitted $13.74, and thereupon the court rendered a judgment on the balance of the verdict which remained after the entry of the *remittitur*, amounting to $231.79, in favor of the plaintiff. Defendant excepted, and appeals to this court.

It is urged that appellee could not be allowed to recover more than the amount of the account filed with his declaration; that the judgment was therefore too large by the sum of twenty dollars. This result must have been reached by the allowance of interest on the account; and there seems, from the dates of the various items, that if interest was allowed it would amount to enough to make the amount of the judgment rendered.

The act of January, 1857, by the first section, provides that the rate of interest upon all contracts and agreements, written or verbal, express or implied, for the payment of money, shall be six per cent per annum on the one hundred dollars, unless otherwise expressly stipulated by the parties.

Under this section it was held in the case of *Turner v. Dawson*, 50 Ill. 85, that a contract to pay six per cent on an account might be implied, but ten per cent could not be recovered except by force of an express agreement of the parties. And in the case of *Davis* v. *Kenaga*, 51 Ill. 170, it was held that "The only ground upon which interest is recoverable in this case would be, that there was an unreasonable and vexatious delay of payment within the meaning of the second section of the statute, but whether there had been such unreasonable and vexatious delay, was a question of fact to be submitted to the jury, as held by this court" in previous cases, to which reference is there made. It was also said that something more than mere delay of payment was necessary to bring the case within the statute.

From these cases it appears that the question of vexatious delay is for the jury, and when it is shown to exist, they are authorized to allow six per cent interest. And as the evidence in this case does not appear in the record, we must presume that there was evidence before the jury to prove the fact. If there had not been, the judge trying the case would have required appellee to remit all of the interest, or set aside the verdict, and awarded a new trial.

There is no rule of practice better settled or more uniformly recognized than that the record of a judgment is under the control of the court during the term at which it is rendered. The judge may set it aside and award a new trial, or may allow amendments, so as to make the record conform to the facts, and to correct mistakes. Nor did the setting aside and vacating of the judgment, as seems to be supposed, also vacate the verdict. If, as urged, the verdict was merged in the judgment, when the judgment was set aside and vacated the merger was at an end, and matters then stood precisely as they did before the judgment was entered. It might, with the same propriety, be said that the declaration, plea and antecedent orders were all merged in the judgment, and when the judgment was vacated, that they were all canceled, and wiped out of the record, and that new pleadings were then required.

The court had the undoubted right, during the term, to set the judgment aside, and, after receiving a *remittitur*, thus correcting the verdict of the jury, to enter a new judgment for the proper amount.

'Appellant fails to give any reason or excuse for failing to appear and make the defense he claims to have. For aught that appears, he may have wilfully and perversely refused to attend and interpose any defense he may have had. When a person acts with such indifference to his rights, he can not expect that courts will be overanxious to set aside a judgment and give him a trial for the mere asking.

We perceive no abuse of discretion in refusing to give him a new trial, and the judgment must be affirmed.

*Judgment affirmed.*