M. D. BRELSFORD *et al.* Appellants, *vs.* COMMUNITY HIGH SCHOOL DISTRICT No. 36, Appellee.

*Opinion filed December 21, 1927.*

1. PRACTICE—*record of a judgment may be corrected during term.* The record of a judgment is under the control of the court during the term at which it is rendered, and the court may set it aside, award a new trial or allow amendments so as to make the record conform to the facts and to correct mistakes.

2. SAME—*when court may allow case to be opened for further evidence.* In law or equity the order of introduction of evidence rests in the discretion of the court, and the exercise of such discretion by allowing the case to be opened for hearing further evidence after both parties have rested, after the arguments have been made and the instructions read, or after the cause has been taken under advisement by the court, will not be interfered with except for clear abuse; and greater latitude should be allowed where the case is tried by the court without a jury than where there is a jury trial.

3. SAME—*circuit clerk must keep all papers on file in his office.* Under the statute the depositary of all papers in a cause in the circuit court is the office of the circuit clerk, as that is the only place provided by law where persons interested may ascertain the proceedings of the court, what judgments have been rendered, what suits are pending and the condition of those suits; and the filing of any document required to be filed with the clerk necessarily implies the delivery of it in the office of the clerk.

4. ELECTIONS—*contest of election is tried as a case in chancery.* By section 116 of the statute in regard to elections the contest of an election is required to be tried in like manner as cases in chancery, the proceeding is in the nature of a chancery suit, and the rules of chancery practice apply.

5. SAME—*what is not entry of judgment in contest case.*  A decree in chancery is not final when announced but is subject to be altered, changed or even disregarded until the written decree is approved and filed for record; and in the contest of an election the announcement of the decision of the court to strike the petition from the files, and the allowing of an appeal to the petitioners upon filing a bond in compliance with the terms fixed by the court, do not constitute the entry of final judgment, such as precludes the court, in its discretion, from admitting further evidence for the purpose of curing the record.

6. SAME—*petition to contest must be filed in the circuit clerk's office.*  Under section 117 of the statute in regard to elections the written statement for contesting an election on a public measure of a municipal corporation or other political subdivision, such as a school district, must be filed in the office of the circuit clerk within thirty days after the result of the election is declared, and it is not sufficient where it is left at the residence of the clerk within the required time but is not taken to his office until after the time has expired; and even though the petition is marked "filed" as of the date it was left at the residence, on motion to dismiss the petition it is proper to show the facts in regard to the time of its filing, as the clerk cannot antedate the endorsement of filing.

APPEAL from the Circuit Court of Pulaski county; the Hon. A. L. SPILLER, Judge, presiding.

LANSDEN & LANSDEN, JOE CRAIN, and FRED HOOD, for appellants.

CHARLES E. FEIRICH, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

An election was held in Community High School District No. 36 of Pulaski county on January 22, 1927, upon propositions to purchase a school house site, to authorize the board of education to build gymnasiums upon two sites, and to issue $39,000 of bonds for the purpose of constructing the two gymnasiums.  M. D. Brelsford and others filed a petition to contest the election.  The court sustained a motion to dismiss the petition on the ground that it was not filed within thirty days from the date of the election, and the petitioners appealed.

The facts are not in dispute. On Saturday afternoon, February 19, the petitioners' attorneys went to the office of the circuit clerk with a petition and found the office closed and the doors locked. They were unable to find the circuit clerk. They went to his residence, but he was not there. His daughter, however, who was also his deputy, was there but declined to go to the office as they requested. The petition was given to her, the filing fee was paid and accepted and the file-mark placed on the petition, which was placed on the piano in the house and on Wednesday, February 23, was taken to the clerk's office. The summons was issued, served and returned on Monday, February 21. These facts appear by the summons and the return on it and by the testimony of the president of the board of education, the clerk and his daughter, the deputy, and there was no contradiction of this evidence.

The court having announced his decision, the appellee's attorneys called the president of the appellee and asked him to state when the result of the election was declared, to which the petitioners objected, insisting that the further examination of the witness should not be allowed after the case had been disposed of, for the purpose of curing the record after the hearing of all the evidence and the decision of the court, the prayer of appeal by the petitioners and the granting of the appeal, and for the further reason that the petitioners and witnesses had left the court room and were beyond the call of the attorneys for the petitioners. The court overruled the objection, saying that it was in the discretion of the court, and that all necessary time would be given the petitioners to produce evidence if it was asked for. The witness then testified that he was a judge of election, was present when the votes were counted and that they were counted immediately after the polls were closed, and the result was declared the same day, January 22. The cause was still under the control of the court, and it was in the discretion of the court to admit further evidence

which had been inadvertently omitted. The record of a judgment is under the control of the court during the term at which it is rendered, and the court may set it aside, award a new trial or allow amendments, so as to make the record conform to the facts and to correct mistakes. (*Edwards* v. *Irons,* 73 Ill. 583; *Smith* v. *Vanderburg,* 46 id. 34; *Coughran* v. *Gutcheus,* 18 id. 390; *Weinberg* v. *Noonan,* 193 id. 165.) Here judgment had not been rendered. The court had merely announced his conclusion that the motion to strike the petition from the files should be sustained, and the petitioners should be allowed an appeal upon filing an appeal bond in compliance with the terms fixed by the court. Had these orders been entered by the judge upon his docket they would not have constituted a judgment. (*Edwards* v. *Evans,* 61 Ill. 492.) It does not even appear that they were so entered. The admission of testimony after the arguments have been made and the instructions read rests in the sound discretion of the court, and the exercise of such discretion is not ground for reversal unless some injury is occasioned to the party complaining. (*Indiana, Decatur and Western Railway Co.* v. *Hendrian,* 190 Ill. 501.) The order of the introduction of evidence rests in the sound discretion of the court, and the exercise of such discretion by allowing the case to be opened for hearing further evidence after both parties had rested and the cause had been taken under advisement by the court will not be interfered with except for clear abuse, and greater latitude should be allowed where the case is tried by the court without a jury than where there is a jury trial. (*People* v. *St. Louis, Iron Mountain and Southern Railway Co.* 278 Ill. 25.) The above were cases at law but the rule is not different in equity. By section 116 of the statute in regard to elections the contest of an election is required to be tried in like manner as cases in chancery, the proceeding is in the nature of a chancery suit, and the rules of chancery practice apply. (*Weinberg* v. *Noonan,*

*supra.*)   In chancery a decree in equity is not final until approved by the chancellor and filed for record.   His mere oral announcement of the decision and the grounds upon which it is based is not controlling.   The whole matter is completely under his control, and is subject to be altered, changed, or even disregarded, until the written decree is approved and filed for record.   (*Moore* v. *Shook, 276* Ill. 47.)   The court did not err in receiving the testimony of the witness.

The appellants argue that the statute only requires the persons desiring to contest an election to file their petition with the clerk of the proper court and that they should not be penalized for the clerk's negligence, and they cite *Hamilton* v. *Beardslee,* 51 Ill. 478, *Dowie* v. *Chicago, Waukegan and North Shore Railway Co.* 214 id. 49, and other authorities, in support of these propositions.   The decisions do not sustain the contention.   They do not refer to cases where the documents were presented to the clerk at some place other than the clerk's office, where the law requires the clerk to transact the business of his office.   Section 117 of the statute provides that the written statement for contesting elections on public measures or subjects submitted to the voters of municipal corporations or any subdivision of the State may be filed in the circuit or superior court within thirty days after the result of the election shall have been determined, and it is certainly not filed in the court by leaving it with the clerk at his residence.   A suit is not begun by handing a bill or *præcipe* or petition to the clerk at any place where he may happen to be met unless the clerk does actually file it in his office, where the records of the proceedings of the court are kept.   To file an instrument it must be delivered to the proper officer at the office where it is required to be filed, and a delivery to the officer at any other place, even though he indorses it filed, is not sufficient.   *Edwards* v. *Grand,* 121 Cal. 254; *Schulte* v. *Bank of Minneapolis,* 34 Minn. 48.

The case of *Old Colony Street Railway.* v. *Thomas,* 205 Mass. 529, is very similar to this case in regard to the filing of instruments in court. In that case the statute required the appellant, upon the entry of an appeal, to file in the superior court, within thirty days, copies of all material papers in the case certified by the recorder. The thirty days expired on February 14. It appeared that on the evening of that day the appeal papers were taken to the house of the assistant clerk and handed to him there and were not taken to the clerk's office until February 15, when they were marked as entered on February 14, and it was held that it was not the entry of an appeal to hand the papers to the clerk or any of his assistants away from the clerk's office, but that the entry of an appeal in the superior court, especially where there was a particular requirement that the papers must be filed in that court, means an entry with the proper officer of the court in the place where its records are kept, so that, if the clerk does his duty, it will immediately appear upon the records of the court that the entry has been made.

Section 6 of chapter 25 of the Revised Statutes requires the clerk of the circuit court to keep his office at the court house and keep it open and attend to its duties from eight o'clock in the morning until five o'clock in the evening of each working day, except legal holidays. It contemplates that his official business should be transacted at that place. It is the duty of the clerk to preserve there, in rooms provided by the county, all the files and papers of the court, make, keep and preserve complete records of all the proceedings and determinations of the court and keep the books and records required by law. All papers in a cause should be preserved by the clerk, and their depositary is the office of the clerk, and such papers should not be taken from the office except with leave of the court. (*Hartford Fire Ins. Co.* v. *Vanduzor,* 49 Ill. 489; *Deatherage* v. *Roach,* 76 id. 321; *Coles* v. *Terrell,* 162 id. 167.) His

office is the place provided by law, and the only place provided by law, where persons interested may ascertain the proceedings of the court, what judgments have been rendered, what suits are pending and the condition of those suits.   The filing of any document required to be filed in the office of the clerk necessarily implies the delivery of it to the clerk and also requires its delivery in the office of the clerk.   The words in the statute, "filing a written statement in the circuit or superior court within thirty days," mean not only placing the written statement in the possession of the individual who holds the office of clerk of the court, but that it shall come into his official custody for preservation in his office as a permanent part of the proceedings of the court.   It is not filed until it is in his office, where the files, papers and records of the court are required to be preserved.   The petition was not filed in the circuit court until Wednesday, February 23.   This was more than thirty days after the declaration of the result of the election.   The indorsement of the clerk was *prima facie* evidence that the petition was filed on February 19, but the uncontradicted evidence is that it was not filed in the court until February 23.   The delivery of the petition to the clerk at his residence was of no more effect until he filed it in his office than the delivery to any other agent of the petitioners for the purpose of filing in the court and was of no effect until it was so filed.

On the motion to dismiss the petition it was proper to show the facts in regard to the time of its filing.   In *Hamilton* v. *Beardslee, supra,* on motion to set aside a default in an action of assumpsit, the defendant's attorney swore that he examined the files in the case in the clerk's office on January 22, 1869, and no declaration was then filed; that he made another examination on January 29, but still none was filed; that on February 1, the return day, he made an examination and found a paper purporting to be a declaration in the case, but it had no file-mark on it.

The first he knew of it was on this day, and he then told his client that he was not bound to plead at that term. He also stated that the plaintiff's attorney admitted, in the presence of the court, that the file-mark had been placed upon the declaration on the second day of the term. The plaintiff's attorney swore that he prepared a declaration on January 1, 1869, and sent it by his clerk to be filed in the case by the clerk of the superior court, and the attorney's clerk swore that he took the declaration to the clerk and filed it in his office on the desk usually occupied by Col. Jacobson, in the presence of several deputies who were there and saw him. The superior court overruled the motion to set aside the default, but this court, on appeal, reversed the judgment, holding that the statement of the plaintiff's attorney's clerk did not show that the paper was filed. It was said that all know that to file a paper in a cause it must be placed in the hands and under the control of the clerk. It must pass into his exclusive custody and remain within his power. Not only so, but the purpose and object is to render it a part of the records of his office, and that object must be communicated to him in some manner capable of being understood. The acts related by the clerk did not constitute a filing of the declaration. It was further held that the clerk had no authority to mark the paper filed and antedate the indorsement, and his doing so did not alter the rights of the parties. That is the situation here. The petition was not filed in the court until February 23, and the clerk was without authority to antedate the indorsement of filing as February 19.

Since the petition was not filed within the time prescribed by law, the order dismissing it is affirmed.

*Order affirmed.*