People of State of Illinois ex rel. Peter G. Anderson et al., Appellees, v. J. A. Firek et al., Board of Trustees of Norwood Park Sanitary District, Appellants.

Gen. No. 44,656.

Opinion filed March 16, 1949. Released for publication April 11, 1949.

LAWLOR & WALSH, of Chicago, for appellants; DUDLEY R. SULLIVAN, of Chicago, of counsel.

DANIEL A. GALLAGHER and EDWIN O. SCHIEWE, both of Chicago, for appellees.

JAMES B. WALLER, *amicus curiae, pro se.*

MR. JUSTICE LEWE delivered the opinion of the court.

Relators, who are legal voters and owners of real estate in the Township of Norwood Park, Cook county, Illinois, filed a petition for writ of mandamus against respondents who constitute all the members of the Board of Trustees of the Norwood Park Sanitary District. The petition prays that a writ of mandamus issue directing respondent Horton as clerk of the district to accept for filing a petition, addressed to the board of trustees, asking that a special election be called to decide whether a waterworks project and the issuance of bonds be approved by the legal voters of the sanitary district. Respondents' motion to strike the petition was overruled and, upon respondents' election to stand by their motion, an order was entered directing the issuance of the writ. Respondents appeal.

Respondents contend that the allegations of the petition for writ of mandamus failed to show a compliance with Ill. Rev. Stat. 1947, ch. 42, par. 443f [Jones Ill. Stats. Ann. 122.076 (32f)], which reads as follows:

"Any ordinance adopted pursuant to the preceding section shall be published in a newspaper published

and having a general circulation in the district undertaking the project or, if there is no such newspaper, it shall be posted in at least three of the most public places in the district.

"If no petition for an election is filed with the Clerk of the district within twenty-one days after such publication or posting, then, at the expiration of said twenty-one days, the ordinance shall be in full force and effect. If, however, within said period of twenty-one days a petition is filed with the clerk, signed by twenty per cent or more of the legal voters within the district, asking that the question of acquiring, constructing, purchasing, improving or extending the water works, and the issuance of revenue bonds therefor, as provided in the ordinance, be submitted to the electors of the district, the trustees shall call a special election in the manner herein provided to decide whether the project and issuance of bonds of the district, as set forth in the ordinance, should be approved."

The petition alleges in substance that on May 4, 1948, the board of trustees of the sanitary district passed an ·ordinance authorizing the construction and operation of a waterworks system for the sanitary district, and providing for the issuance of water revenue bonds in the sum of $600,000; that on May 12, 1948, the respondents posted said ordinance in the district; that the sanitary district has no official office for the transaction of its business; that the clerk respondent, Louis Horton, maintains his office in his home at 4424 North Harlem avenue, Norwood Park township; that the regular meetings of the district are held in the home of its president, respondent J. A. Firek; that the relators ·and other legal voters of the sanitary district circulated a petition which was signed by more than 20 per cent of the legal voters of the district, praying that the question of construction and operation of the waterworks system and the issuance of bonds therefor

be submitted to the voters at a special election; that relators at four different times, on June 1, 1948, called at the office of the respondent Louis Horton in his home to present their petition; that they were informed that respondent Horton was not at home, and acceptance of their petition was refused by members of his household; that the respondent J. A. Firek and respondent Clarence H. Rodely, a trustee, refused to accept the petition for filing; that June 2, 1948, relators again called at the office of respondent Louis Horton in his home and were advised that the clerk was not available and acceptance of the petition for filing was refused by members of his household; that on June 8, 1948, at a regular meeting of the sanitary district, relators tendered their petition to the respondent Louis Horton, and that the petition was refused for filing.

Afterward the relators filed a bill of particulars which alleges that on June 1, 1948, they called at the office of respondent Louis Horton at four different times, to-wit: at 7:15 p.m., at 7:45 p.m., at 9:00 p.m. and at 9:45 p.m.; that on June 2, 1948, they called at the office of Louis Horton, clerk of the district, at the hours of 7:00 p.m. and 11:00 p.m.

Under the Act creating the sanitary district, Ill. Rev. Stat. 1947, ch. 42, par. 414 [Jones Ill. Stats. Ann. 122.076(3)], the board of trustees consists of three members appointed by the county judge. Section 415 [Jones Ill. Stats. Ann. 122.076(4)] provides that: ''The Board of Trustees immediately after their appointment shall elect one of their members as president and one of their members as clerk. . . . Said Board of Trustees shall have the power to pass all necessary ordinances, rules and regulations for the proper management and conduct of the business of the Board of Trustees and said Sanitary District.'' No provision is made in the foregoing section or elsewhere in the Act requiring the clerk to maintain an office or prescribing his hours of duty; nor does it appear from the allega-

tions of the relators' petition that any ordinance or rule was passed by the board of trustees requiring the clerk to maintain an office, or otherwise defining his duties.

Respondents insist that the provisions of section 443f are mandatory and must be strictly construed, citing *Hamilton v. Beardslee,* 51 Ill. 478; *Brelsford v. Community High School Dist. No. 36 of Pulaski Co.,* 328 Ill. 27, and other cases in support of their position. These cases and others cited by respondents are dissimilar in their facts to the case at bar.

The purpose of the provision in section 443f permitting 20 per cent of the legal voters of the sanitary district to petition the board of trustees for a special election is to submit the question of the construction of a waterworks project and the issuance of bonds to the popular vote. Since the object of election is to ascertain the public will, we think the foregoing provision should be liberally construed in order to carry out the intent of the legislature.

In the absence of a statutory provision or rules made by the sanitary district providing for the establishment of a clerk's office and fixing his hours of duty, we find no authority holding that the clerk is required to be available at all hours of the day and night, but it seems to us that he should be available during ordinary business hours on working days or, in the event the nature of his employment or business precludes him from being present in the daytime at the place used as his office, he should be accessible at reasonable hours in the evening so as to afford the legal voters in the sanitary district an opportunity during the 21-day period provided by statute, to file their petition. Otherwise a neglectful or dishonest clerk could deprive the voters of their right to exercise their franchise, and thus defeat the public will by absenting himself. However, in the instant case, relators' petition for the writ of

mandamus does not charge respondent Horton with willfully absenting himself from his home on the evenings of June 1 and 2 in order to prevent relators from filing their petition, nor do we think that it can reasonably be inferred from the allegations that he did so. It does not appear that relators tried to file their petition with respondent Horton during the daytime or that the nature of his business or employment made it impossible for them to file their petition with him during the day. It may well be that respondent Horton had valid reasons for being absent from his home in the evenings on June 1 and 2.

 A mandamus suit is an extraordinary remedy, and one seeking the writ must show a clear right to it. (*Wilson v. Board of Education of School Dist. No. 126,* 394 Ill. 197.) In our opinion the allegations are not sufficient to warrant the issuance of the writ of mandamus.

For the reasons given, the judgment awarding the writ of mandamus is reversed and the cause is remanded with directions to sustain respondent's motion to strike, and for further proceedings not inconsistent herewith.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.