TIM MANUFACTURING CO., demandante y recurrida, *v.* SHELLEY ENTERPRISES, INC., HAMPTON DEVELOPMENT CORP. OF PUERTO RICO, CORPORACIÓN DE RENOVACIÓN URBANA Y VIVIENDA, NATIONAL INSURANCE COMPANY, demandadas y recurrentes la segunda y la última.

*Número:* R-78-211       *Resuelto:* 12 de septiembre de 1978

*Aldo Segurola De Diego,* abogado de National Insurance Company; *José B. Díaz Asencio,* abogado de Hampton Development Corp. of P.R.; *Rafael L. Franco García,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La sala de instancia dictó sentencia el 3 mayo, 1978 archivada en autos y notificada el día 5 siguiente por la que declaró con lugar la demanda en cobro de dinero de Tim Manufacturing Co., condenando a la constructora demandada Hampton Development Corp. y a su fiadora National Insurance Co., a pagarle $116,577.86, intereses al 8% anual desde el 31 enero, 1974 en que surgió la causa de acción (Regla 44.4), costas y $20,000.00 para honorarios de abogado; y sin

lugar la reconvención de Hampton. El 5 de junio de 1978, último día hábil del término para recurrir en revisión, a las 8:20 P.M. la demandada Hampton por conducto de su abogado entregó a un Subsecretario de este Tribunal en su residencia la solicitud de revisión que en lugar del timbre de radicación del reloj fechador tiene puesto en manuscrito la siguiente nota:

"Recibido por el Sr. Miguel Mercado, Subsecretario del Tribunal Supremo, hoy día 5 de junio de 1978, a las 8:20 P.M."

La recurrida Tim Manufacturing Company ha solicitado desestimación del recurso por falta de jurisdicción, sobre la premisa de que la solicitud de revisión no llegó a Secretaría del Tribunal hasta el día siguiente de su entrega al Subsecretario, ya expirado el término de 30 días provisto en la Regla 53.1(b) y cita en su apoyo nuestra decisión en *American Colonial Bank* v. *Ramos*, 33 D.P.R. 890 (1924). Esta moción para desestimar fue notificada a la parte recurrente desde el 14 de junio de 1978, sin que se haya formulado oposición a la misma. [1]

El ejercicio del derecho a recurrir en revisión al Tribunal Supremo es un paso procesal que se cumple presentando en la oficina del Secretario la solicitud de remedio. El procedimiento está indicado en la Regla 53.1(b) de Procedimiento Civil: "El recurso de revisión se formalizará presentando una solicitud en la secretaría del Tribunal Supremo dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia dictada por el Tribunal Superior. La secretaría del Tribunal Supremo remitirá copia de dicha solicitud a la secretaría de la Sala del Tribunal Superior que dictó la sentencia objeto del recurso." La práctica ha demostrado que este término de 30 días es

---

[1] El 12 julio 1978 la fiadora recurrente National Insurance Company desistió de su recurso por prematuro, y lo reprodujo como "solicitud enmendada" el 4 agosto, 1978 bajo expediente separado que lleva el Núm. R-78-293.

razonable y adecuado para preparar la solicitud tanto en su aspecto técnico-legal como en la organización y acopio de todos los documentos exigidos. Dicho término se torna apremiante sólo cuando la parte que recurre no utiliza sus primeros 20 días; de lo que resulta que estas urgencias de último minuto que llevan a la radicación irregular son de la hechura del recurrente y no imputables a la insuficiencia del término. Esta es razón para mantener que el trigésimo o último día hábil para presentar en la Secretaría del Tribunal la solicitud de revisión termina a las 5:00 P.M. en que a tenor de la Regla 8(a) del Reglamento del Tribunal se cierra la oficina del Secretario.

■ Abunda sobre lo adecuado del término la modificación introducida en el Reglamento del Tribunal adoptado en el 1975 en cuanto a horas hábiles del Tribunal. Disponía la Regla 5(1)(a) del Reglamento ((de 1961) 82 D.P.R. 1151) que las oficinas del Secretario "estarán abiertas al público desde las 8:30 de la mañana hasta las 12 del día y desde la 1:00 hasta las 5:00 de la tarde, pero el Tribunal se considerará *siempre abierto* a los fines de *radicar* cualquier alegación o documento o expedir cualquier mandamiento." (Énfasis suplido.) Al aprobarse la correlativa Regla 8(a) en 1975 se eliminó la frase relativa a radicación fuera de horas laborables, aun cuando se mantuvo la expresión de que "el Tribunal se considerará siempre abierto a los fines de expedir cualquier mandamiento." La hora límite para presentar en Secretaría fue reafirmada en la actual Regla 48(a) del Reglamento en su prevención de que "cuando por mandato de este Reglamento o por orden del Tribunal un escrito deba ser presentado al Tribunal dentro de determinado período de tiempo, o en un día determinado, el plazo vencerá a las 5:00 P.M. del día correspondiente." El término jurisdiccional de 30 días para presentar la solicitud de revisión debe entenderse en armonía con la jornada de labor del personal de Secretaría. Nadie ha sugerido, y es de presumirse que por lo

absurdo de la proposición, que para preservar a los rezagados esas finales siete horas desde las 5:00 P.M. hasta medianoche del último día del término, establezcamos un turno permanente de personal que atienda presentaciones en dichas horas irregulares. Aun el derecho constitucional a juicio rápido se adapta en ocasiones al programa de trabajo y a realidades prácticas en el funcionamiento del sistema de administración de justicia. *Hernández Pacheco* v. *Flores Rodríguez*, 105 D.P.R. 173 (1976).

La exigencia([2]) de la Regla 53.1(b) de que "[el] recurso de revisión se formalizará presentando una solicitud en la Secretaría del Tribunal Supremo", con exclusión de todo otro lugar o método es parte vital de las garantías de certeza, rectitud y seguridad que deben rodear *todos los procedimientos judiciales* para mantener la *fe en la justicia* que el Preámbulo de nuestra Constitución proclama como factor determinante en nuestra vida. La presentación fuera de Secretaría mediante entrega de documentos a funcionarios o empleados trastoca el ordenado curso procesal, aviva y extiende la contención litigiosa añadiéndole una pugna en cuanto a la corrección de lo actuado, envuelve en la contienda al que bondadosamente recibe los papeles fuera de horas de oficina, obligándolo a revalidar su probidad e integridad a cada paso, con injusta erosión de su dignidad, expone los documentos a riesgos que no se dan en la oficina del Secretario;([3]) y finalmente, sin más provecho que la complacencia de un litigante tardío, inyecta en el trámite de revisión elementos de insegu-

---

([2]) Reiterada en la Regla 17(a) del Reglamento actual.

([3]) La presentación de documentos únicamente en la oficina del Secretario en evitación de errores es norma sostenida por la jurisprudencia norteamericana. La entrega a un funcionario fuera de Secretaría no surte efecto de radicación. *Richmond* v. *Shipman*, 63 Cal.App.3d 340; 133 Cal. Rptr. 742; *Edwards* v. *Grand*, 121 Cal. 254; 53 Pac. 796; *In re Norton*, 53 N.Y.S. 924; *Brelsford* v. *Com. H.S. Dist.*, 328 Ill. 27; 159 N.E. 237; *People* v. *Slobodion*, 3 Cal.2d 362; 181 P.2d 868; *Gietl* v. *Com. of Drainage*, 51 N.E.2d 512; *Hutchins* v. *County Clerk*, 140 Cal. App. 348, 35 P.2d 563.

ridad, falta de certeza y confiabilidad reñidos con la legalidad del proceso judicial.

En *American Colonial Bank* v. *Ramos,* supra, resolvimos que la entrega del escrito de apelación al secretario de la corte en su residencia privada a las 10:00 de la noche, no tiene eficacia de radicación y que la entrega surtió tal efecto cuando al día siguiente el secretario radicó el escrito en su oficina, y ya entonces había vencido el término que fija la ley para apelar. La decisión tiene particular aplicación a los hechos del presente caso, ya que con menos precisión y rigor que la vigente Regla 53.1(b) de Procedimiento Civil, el artículo allí interpretado lo fue el 296 del Código de Enjuiciamiento Civil que ordenaba: "Una apelación se interpone entregando al secretario de la corte en que fue dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Parece que la doctrina de *American Colonial Bank,* supra, de algún modo se perdió en el tiempo dando paso a la práctica de radicar a última hora, ya cerrada la oficina del Secretario, mediante entrega a éste u otro funcionario o empleado, fuera de secretaría. La práctica debe cesar, mas no a costa de eliminar por falta de jurisdicción el recurso de revisión en este caso, que siguió la costumbre hasta hoy tolerada, por lo que la doctrina aquí enunciada tendrá sólo efecto prospectivo.

A la moción de la recurrida para desestimar por falta de jurisdicción, *no ha lugar.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.