# 95 DTA 79

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**

FRANCISCA RIVERA CURET Y MIGDALIA MARTINEZ SUAREZ POR SI Y
ADEMAS COMO REPRESENTANTES DE LA COMUNIDAD
DE BIENES COMP. POR ESTOS
Apelantes

v.

NELSON IRIZARRY QUIÑONES Y JANE DOE ESTOS POR SI Y EN REP.
DE LA SOC. DE GANANCIALES COMP. POR ESTOS, ONOFRE LOPEZ VEGA Y
JUANA DEL PUEBLO, AMBOS POR SI Y EN REP. DE LA SOC. DE GANANCIALES
COMP. POR AMBOS
Apelados

Núm. KLAN-95-00157

San Juan, Puerto Rico, a 3 de mayo de 1995

Panel integrado por su Presidente, Juez Brau Ramírez,
y los Jueces Colón Birriel y Rodríguez Maldonado

Per Curiam

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso de apelación fue presentado el 26 de enero de 1995. Se recurre de una sentencia emitida el 15 de diciembre de 1994 y archivada en autos el 27 de diciembre de 1994 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Mayaguez, declarando con lugar la demanda por daños y perjuicios presentada por los apelantes Francisco Rivera Curet y Migdalia Martínez Suárez, por sí y en representación de la sociedad de bienes gananciales compuesta por ambos contra los apelados Nelson Irizarry Quiñones, su esposa y la sociedad de bienes gananciales compuesta por ambos. El Tribunal condenó a los apelantes a satisfacer a los apelados la suma total de $7,500.00 por diversos conceptos más $500.00 por concepto de honorarios de abogado.

Conforme la Regla 4(a) de las de Transición Sobre la Aplicación del Reglamento del Tribunal de Circuito de Apelaciones, el presente recurso debe ser tramitado *"bajo la Ley vigente al momento en que comenzó a decursar el término para recurrir en alzada"*, esto es, bajo las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A. Véase, *Aderic Industrial, Inc. h/n/c La Tina Industrial Laundry v. Wilmer Tacoronte h/n/c Hotel Cupido*, KLCE 95-00003 (resolución del 17 de febrero de 1995), **95 D.T.A. 15.**

De acuerdo a la Regla 4 de las de Apelación antes mencionadas, el recurso de apelación debe ser presentado en la Secretaría del Tribunal de Distrito que dictó la sentencia *"dentro del término ...: provisto en las Reglas de Procedimiento Civil"*. Dicho término es el fijado por la Regla 53.1(a) de las de Procedimiento Civil, la cual establece que la apelación debe ser presentada *"dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia"*. 32 L.P.R.A. Ap. III, R. 53.1(a).

Según se desprende del escrito de apelación, en el presente caso, el recurso fue presentado el último día del plazo jurisdiccional de treinta (30) días (26 de enero de 1995) a las 5:09 p.m.

La Regla 3(e) de las de Administración de los Tribunales, establece que las secretarías de los tribunales permanecerán abiertas *"todos los días durante las horas laborables, con excepción de los sábados, domingos y días de fiesta legal"*.
Conforme al inciso anterior de dicho precepto, las horas laborables de la secretaría son de 8:30 a.m. a 12:00 m. y de 1:00 p.m. a 5:00 p.m. 4 L.P.R.A. Ap. II-A, R. 3(d) y (e).

En la situación de autos, el recurso fue presentado fuera del horario laborable de la secretaría del Tribunal apelado. En estas circusntancias, el recurso resulta tardío. Véase, *Tim Mfg. Co. v. Shelley Enterprises, Inc.*, 107 D.P.R. 530, 533 (1978) *("[e]l término jurisdiccional de treinta (30) días para presentar la solicitud de revisión debe entenderse en armonía con la jornada de labor del personal de secretaría");* véase, además, *American Colonial Bank v. Ramos*, 33 D.P.R. 890 (1924).

La Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior autoriza a este Tribunal a desestimar, *motu proprio,* un recurso de apelación, si el mismo no es presentado dentro del término establecido por Ley. 4 L.P.R.A. Ap. III-A. R. 4.

Por los fundamentos expresados, se desestima el presente recurso, por falta de jurisdicción. Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General