# 95 DTA 121

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I**
**REGION JUDICIAL DE SAN JUAN**

CARLOS ROSARIO LOPEZ, AMANDA SANCHEZ BENITEZ, Y LA SOCIEDAD
LEGAL DE GANANCIALES POR ESTOS COMPUESTA
Demandantes-Apelados

v.

LEASEWAY DE PUERTO RICO, INC.
Y BANSANDER LEASING CORP.
Demandados-Apelantes

Núm. KLAN-95-00171

San Juan, Puerto Rico, a 12 de junio de 1995

Panel integrado por su presidenta, Juez Fiol Matta
la Juez Rodríguez de Oronoz y el Juez Gierbolini

Fiol Matta, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El co-demandado Bansander Leasing Corporation apeló ante el anterior Tribunal Superior, Sala de San Juan, de una sentencia emitida por el Tribunal Distrito. La sentencia apelada se archivó en autos el 20 de septiembre de 1994. De la faz del escrito de apelación surge que el documento fue presentado en la Sala de Investigaciones a las 5:11 de la tarde del 20 de octubre de 1994, último día hábil para solicitar la revocación de la sentencia recurrida. No habiéndose resuelto la apelación así presentada al 24 de enero de 1995, se refirió a la atención de este Tribunal, a tenor con lo dispuesto en los Artículos 4.002 y 9.004 (b) de la Ley de la Judicatura de 1994.

Este curso procesal nos requiere examinar nuestra jurisdicción para considerar los méritos del recurso, puesto que aunque las partes no lo planteen, los tribunales tienen que velar por su jurisdicción y no pueden suplirla cuando no la hay. De esta forma se evitan actuaciones que

serían nulas y por consiguiente, revocables. *Soc. de Gananciales v. A.F.F.,* los D.P.R. 644, 645 (1979); y *Vázquez v. A.R.P.E.,* **91 J.T.S. 53**. Es precisamente para evitar esta consecuencia que las partes vienen obligadas a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante los tribunales. *Matos v. Metropolitan Marble Corp.,* 104 D.P.R. 122, 125 (1975).

La Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III-A R. 4 (1994), vigentes al momento en que se dictó la sentencia apelada, disponía que para formalizar una apelación era necesario presentar el escrito en la Secretaría del Tribunal de Distrito que dictó sentencia y copia del mismo en la Secretaría del Tribunal Superior al que se apelaba, dentro del término provisto en las Reglas de Procedimiento Civil. La Regla 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R.53.1 (1983), establecía para este trámite un término jurisdiccional de treinta días.

En este caso, el escrito de apelación fue presentado el último día hábil para apelar, a las 5:11 P.M., en la Sala de Investigaciones del Tribunal de Distrito, Sala de San Juan y no en la Secretaría. Obviamente, el apelante tuvo que presentar su escrito allí por haber realizado las gestiones de presentación fuera de las horas laborables establecidas en la Regla 3(d) de las de Administración para el Tribunal de Primera Instancia, 4 L.P.R.A. Ap II-A, R. 3(d) (1994).

En *Tim Mfg. Co. v. Shelley Enterprises, Inc.,* 107 D.P.R. 530, 532-533 (1978), el Tribunal Supremo señaló lo siguiente en cuanto al término para someter la solicitud de revisión:

*"La práctica ha demostrado que este término de 30 días es razonable y adecuado para preparar la solicitud tanto en su aspecto técnico-legal como en la organización y acopio de todos los documentos exigidos. Dicho término se torna apremiante sólo cuando la parte que recurre no utiliza sus primeros 20 días; de lo que resulta que estas urgencias de último minuto que llevan a la radicación irregular son de la hechura del recurrente y no imputables a la insuficiencia del término. Esta es razón para mantener que el trigésimo o último día hábil para presentar en la Secretaría del Tribunal la solicitud de revisión termina a las 5:00 P.M. en que a tenor de la Regla 8(a) del Reglamento del Tribunal se cierra la oficina del Secretario."* Véase, además, *Campos del Toro v. Ame. Transit Corp.,* 113 D.P.R. 337, 348 (1982).

Lo así resuelto es de aplicación al caso de autos. Como bien señala el Juez de Apelaciones, Hon. Hiram Sánchez Martínez, en un caso similar:

*"Si bien es cierto que Tim Mga. Co. trataba de la presentación de un recurso de revisión ante el Tribunal Supremo y que el caso de autos trata de una presentación ante el Tribunal Superior, no es menos cierto que el principio que ahí se establece es aplicable de igual forma a este caso. Las normas de apelación de un tribunal deben ser interpretadas análogamente. Cf., Pueblo v. Maisonave Rodríguez, 91 J.T.S. 67. De lo contrario, se establecería una desigualdad en cuanto a la jurisdicción por virtud del foro apelativo de que se trate. Fructuoso Rodríguez Torres v. Guardia Nacional de Puerto Rico, RAC 94-0333, Sentencia de 30 de noviembre de 1994, pág. 3."*

En el caso de autos, además de la presentación del escrito fuera de horas laborables y en un lugar distinto a la Secretaría del tribunal apelado, se presentó la copia del escrito de apelación en la Secretaría del Tribunal Superior el día treinta y uno, vencido el término dispuesto para ello en la Regla 4 de las de Apelación del Tribunal de Distrito al Tribunal Superior, *supra.* El requisito de presentación ante el Tribunal Superior dentro del término jurisdiccional para la presentación de la apelación era de estricto cumplimiento. Su incumplimiento de por sí sería suficiente para desestimar el recurso, pues no se demostró *"a cabalidad una justa causa"* para la demora. *González Santos v. Bourns,* **89 J.T.S. 107**, pág.

7277.

Por lo anterior no tenemos otra alternativa que desestimar el presente recurso por falta de jurisdicción.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General