Misión Industrial de Puerto Rico, Inc., Comité Defensores de la Salud de la Comunidad Río Arriba, Nilda Maldonado Medina, Conchita Cordero, María González, Salvador Rivera, María Olivero, César Torrera, Juan Vilella y Comité en Defensas del Ambiente de Arecibo, *recurridos*, *v.* Junta de Planificación de Puerto Rico y Autoridad de Acueductos y Alcantarillados, *peticionarias.*

*Número:* CC-97-336      *Resuelto:* 30 de junio de 1997

*Carlos Lugo Fiol, Procurador General*, abogado de la parte peticionaria; *Pedro Saade Lloréns, Pedro J. Varela Fernández* y *Juan Santiago Nieves*, abogados de la parte recurrida.

— O —

Voto concurrente emitido por el Juez Asociado Señor Corrada Del Río.

Emitimos un voto particular de concurrencia sobre el asunto de epígrafe con el limitado propósito de señalar que el lenguaje de la Regla 48(a) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, se presta a una interpretación diferente de la que en su resolución le brinda la mayoría. En su resolución, la mayoría sostiene que, según la Regla 48(a) del Reglamento de este Tribunal, *supra*, todo recurso que sea presentado después de las 5:00 de la tarde del último día hábil para su presentación, debe ser denegado por haber sido sometido tardíamente. Reconocemos que esa ha sido la práctica, y no la objetamos, pero entendemos que lo dispuesto en esa regla requiere clarificación.

No cabe duda de que la fecha límite para que la Junta de Planificación sometiera su petición de *certiorari* vencía el 19 de junio de 1997. Eso porque la sentencia recurrida, que fue objeto de ese recurso, fue emitida el 20 de mayo de 1997 por el Tribunal de Circuito de Apelaciones, Circuito Regional I (panel compuesto por la Juez Fiol Matta, como su Presidente, la Juez Rodríguez de Oronoz y el Juez Gierbolini), y que el término para presentar un *certiorari* para solicitar la revisión de una sentencia, que disponga sobre una determinación administrativa, es de treinta (30) días, y ese término es jurisdiccional.[1]

---

[1] A ese respecto, dispone la Regla 20(a)(9) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A:

Eso nos trae al término de las 5:00 de la tarde como la hora diaria final para presentar un recurso antè este Tribunal. El término de treinta (30) días es jurisdiccional, pero el de las 5:00 de la tarde no parece serlo. Nótese el lenguaje de la Regla 48(a) del Reglamento del Tribunal Supremo, *supra*, que dispone lo siguiente:

*Regla 48 – Plazos para presentar escritos; prórrogas*
(a) Cuando por mandato de este [Reglamento] o por orden del Tribunal un escrito debe ser presentado al Tribunal dentro de determinado período de tiempo, o en un día determinado, el plazo vencerá a las 5:00 de la tarde del día correspondiente. La hora se determinará de acuerdo con el reloj fechador del Tribunal.
*Ningún funcionario o empleado del Tribunal, salvo [por] órdenes expresas de éste, está autorizado a aceptar recursos o escritos que se presenten fuera de las horas dispuestas en la Regla 9(a) de este [Reglamento] o en otro lugar que no fuere la Secretaría del Tribunal.* (Énfasis suplido.)[2]

Del segundo párrafo del inciso (a) de la Regla 48 nos parece obvio que existe un procedimiento a través del cual una parte pueda solicitarle a este Tribunal la presentación de un recurso después de las 5:00 de la tarde. Aunque el reglamento no provee los datos específicos de ese procedimiento, es claro que una vez que este Tribunal cuenta con la capacidad de expandir el término después de las 5:00, ese término no es jurisdiccional sino de estricto

---

"*Regla 20 – Procedimiento en certiorari*

. . . . . . .

"(9) Cuando se trate de las sentencias o resoluciones del Tribunal de Circuito de Apelaciones emitidas en recursos de revisión provenientes de las agencias administrativas, conforme a lo dispuesto en la Ley de la Judicatura de 1994, según enmendada, [Art. 4.002(g)], y la Ley Núm. 247 de 25 de diciembre de 1994, éstas podrán ser revisadas mediante petición de *certiorari* y el recurso se formalizará presentando la solicitud dentro de un término de treinta (30) días. El término aquí dispuesto es de carácter jurisdiccional."

[2] Dispone la Regla 9(a) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A:
"*Regla 9 – El (la) Secretario(a)*
"(a) El (la) Secretario(a) del Tribunal será responsable del buen manejo de su oficina, con la ayuda del personal bajo su supervisión. Su oficina estará abierta al público desde las 8:30 de la mañana hasta las 5:00 de la tarde, pero el Tribunal se considerará siempre abierto a fines de expedir cualquier mandamiento. El (la) Secretario(a) está autorizado para aumentar las horas de oficina a todos(as) o a algunos de sus empleados(as) cuando así lo requiera el trabajo del Tribunal."

cumplimiento. Recuérdese que el propósito de los términos jurisdiccionales es privar al tribunal de la potestad de expandir los límites de su jurisdicción. Siendo el término de las 5:00 de estricto cumplimiento, las partes podrían solicitar permiso expreso para la presentación de documentos desde las 5:00 de la tarde hasta las 12:00 de la noche del último día hábil para ésta.

Algunos podrían interpretar que, según dispone la Regla 48(a), *supra*, el que este Tribunal pueda conceder permiso para que un funcionario de éste acepte un recurso después de las 5:00 de la tarde no quiere necesariamente decir que su mera aceptación convalida el recurso como debidamente presentado ante este Tribunal. Esa posición parece sugerir que la citada Regla 48(a) sólo permite que un funcionario pueda tomar de las manos de una parte su recurso, para posteriormente denegarlo por su presentación inoportuna. Ese argumento carece de sentido. Si este Tribunal concediera expresamente permiso para que uno de sus funcionarios aceptara un recurso bajo esas condiciones, sería para reconocer el escrito como sometido debidamente.

En su resolución, la mayoría fundamenta su perspectiva de que se trata de un término jurisdiccional, mediante su referencia a las decisiones *Tim Mfg. Co. v. Shelley Enterprises, Inc.*, 107 D.P.R. 530 (1978), y *Campos del Toro v. Ame. Transit Corp.*, 113 D.P.R. 337, 348 (1982). Sin embargo, lo resuelto en esas decisiones no es vigente en cuanto a la interpretación de la Regla 48(a) del actual Reglamento de este Tribunal, *supra*. El segundo párrafo de la Regla 48(a), *supra*, fue añadido al Reglamento de este Tribunal el 25 de abril de 1996. Antes de esa fecha estaba vigente la Regla 48 del Reglamento aprobado el 1ro de septiembre de 1975 (4 L.P.R.A. ant. Ap. I-A). En el citado reglamento de 1975, ahora derogado, la correspondiente regla disponía:

*Regla 48. Plazos para presentar escritos; prórrogas*
(a) Cuando por mandato de este Reglamento o por orden del Tribunal un escrito deba ser presentado al Tribunal dentro de

determinado período de tiempo, o en un día determinado, el plazo vencerá a las 5:00 P.M. del día correspondiente.

Nótese que las decisiones citadas por la mayoría fueron certificadas en 1978 y 1982. Nótese también que la regla anterior, la que fue interpretada por los casos que cita la mayoría, no contenía la disposición de que la hora se determinaría por el reloj-fechador del Tribunal, ni contenía el segundo párrafo de la regla, que es el que hace referencia a que el término de las 5:00 de la tarde es de cumplimiento estricto. Independientemente de que un reglamento anterior haya determinado que existe un término que requería jurisdiccionalmente la presentación del escrito antes de las 5:00 de la tarde, el reglamento vigente fue enmendado para indicar que, desde la fecha en que entró en vigor, el término de las 5:00 es de cumplimiento estricto.

Para el pesar de la Junta de Planificación de Puerto Rico, el recurso de *certiorari* presentado por el Procurador General en su representación fue presentado pasadas las 5:00 de tarde. Se desprende de la Moción Informativa y Solicitando Remedio, presentada por el Procurador General el 25 de junio de 1997, que éste llamó por teléfono a la Secretaría de este Tribunal para informar que el recurso "iba a ser presentado y que por favor lo esperaran", pero él no solicitó el permiso expreso de este Tribunal para la presentación tardía del recurso. De todas maneras, entendiendo que el término de las 5:00 de la tarde es de cumplimiento estricto, la excusa que presenta el Procurador General en su moción, de que "hubo que hacer revisiones al escrito a última hora" no constituye una razón válida para justificar la presentación del recurso. Por lo tanto, concurrimos con la mayoría en que el aludido recurso debe ser desestimado por haberse incumplido crasamente con el Reglamento de este Tribunal debido a la presentación tardía del recurso, sin que este Tribunal lo hubiese autorizado expresamente.